# In the United States Court of Federal Claims

* * * * * * *

OSG PRODUCT TANKERS LLC, *

Plaintiff, * No. 07-561C

v. * Filed: October 24, 2007

UNITED STATES OF AMERICA, *

Defendant, and *

USS PRODUCT CARRIERS LLC, *

Defendant - Intervenor. *

* * * * * * *

**ORDER**

Plaintiff filed a motion to amend its Complaint to add Count IV, "[t]he Contracting Officer lacked a rational basis for her determination that USS was presently responsible." The Government does not seem to oppose the amendment, but it has filed a partial motion to dismiss for failure to state a claim. We have denied the motion to amend, so defendant's motion to dismiss is denied as MOOT.

Plaintiff OSG must prove that the contracting officer's responsibility decision was arbitrary and capricious; the responsibility or non-responsibility of USS does not seem relevant. Plaintiff's suggestion that we permit the parties to rebid is discouraged by the case law in this court. One risk of reopening the bids is that we would create an auction effect. In any event, if plaintiff cannot show that the contracting officer's non-responsibility decision in its own case was arbitrary or capricious, rebidding the contract will not help their case.

Plaintiff's arguments implicit in Counts I - III rely on its contention that the contracting officer misconstrued its relationship with its parent company and that the resulting case of "mistaken identify" prejudiced this plaintiff. That is the primary issue for the court to resolve.

We are concerned about the circumstances of plaintiff's filing prior to the March 28 deadline. Plaintiff alleges that it received late notice that the deadline had been extended two

days and that its sealed bid had been opened. The Government has not made the circumstances of this apparent impropriety clear, so it maybe necessary to conduct a hearing to understand whether the intervenor's bid was filed properly and timely. Plaintiff intends to file a motion for judgment on the administrative record upon receipt of this Order. It seems appropriate to resolve the bid-opening issue as soon as possible, perhaps coincident with the parties' summary judgment briefings. Counsel should contact the court as soon as possible to discuss this matter.

Plaintiff's motion to amend its Complaint is DENIED. Defendant's motion to dismiss is moot and therefore DENIED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge