# In the United States Court of Federal Claims

| | | | |
|---|---|---|---|
| * * * * * * | * | | |
| OSG PRODUCT TANKERS, LLC, | * | | |
| | Plaintiff, | * | No. 07-561C |
| | v. | * | Filed: November 20, 2007 |
| UNITED STATES OF AMERICA, | * | | |
| | Defendant, and | * | |
| USS PRODUCT CARRIERS, LLC, | * | | |
| | Defendant - Intervenor. | * | |
| * * * * * * | * | | |

**ORDER**

Plaintiff sought reconsideration of this court's denial of its motion to amend the complaint. OSG explained at a November 14 hearing that Count IV would state "[t]he Contracting Officer lacked a rational basis for her determination that [the winning bidder] was presently responsible." Plaintiff contended that it was entitled to present all reasonable theories to support its case, and the court may ignore any allegations at its discretion. While this is true, and the court normally permits such amendments freely, OSG does not have standing to raise the intervenor's qualifications in these circumstances. Plaintiff's motion for reconsideration must be denied.

Plaintiff cited *Impresa* in support of its argument. According to plaintiff, *Impresa* imposes three conditions upon the protesting party to prove standing: only one offeror remains, the protestor has a substantial chance of receiving the award, and the protestor had an economic interest in the outcome of the bid. *See Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324 (Fed. Cir. 2001). OSG claimed that if "a single offeror remains in a competitive procurement, that offeror's responsibility determination may be challenged by other technically acceptable bidders who would have a substantial chance of receiving the award in a re-bid." (Pl. Reply at 8). Plaintiff's argument pursuant to *Impresa* depended on a showing that disqualification based on a technically deficient bid was the same as disqualification based on a finding of non-responsibility.

The Federal Circuit in *Meyers* restated the standing requirements outlined in *Impresa*. *See Meyers Investigative and Sec. Servs., Inc. v. United States*, 275 F.3d 1366 (Fed. Cir. 2002). *Myers* holds, "a potential bidder must establish that it had a substantial chance of securing the award in order to establish standing . . . . [S]tanding . . . is limited to actual or prospective bidders . . . whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *Id.* at 1370. *Meyers* and *Impresa* refer to the protestor's ability to secure the bid *at the time of the original bid*. The difference between plaintiff's argument and the Federal Circuit's holdings is the timing of the bid. The Federal Circuit refers to the original bidding period, while plaintiff's argument seeks a re-bidding period.

We disagree with plaintiff that a technical error has the same effect under *Impresa* as a non-responsibility finding. In *Impresa*, the contracting officer rejected the protestor's bid because it was technically deficient; in *Meyers*, the protestor did not show that it was a qualified bidder. The protestor had standing in *Impresa* because the bid could be made acceptable, thus giving the protestor a substantial chance of winning the bid. The protestor did not have standing in *Myers* because the protestor was not acceptable, and therefore did not have a substantial chance of winning the bid. The bid was not acceptable in one, while the protestor was not acceptable in the other.

If OSG can prove that the non-responsibility decision of the contracting officer was arbitrary and capricious and that it was a responsible bidder when it submitted the bid, plaintiff will prevail. The Government would award the contract to plaintiff because it was the lowest bidder. This decision will be based on the record as it exists – not according to a new record that may form because of the passage of time.

Plaintiff represented that the court invited its motion to reconsider and the resulting hearing earlier this week. Therefore, the Order directing that plaintiff be taxed defendant's reasonable costs of preparing for and attending the hearing is VACATED. Plaintiff's motion for reconsideration is DENIED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge